# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2010

Lyle W. Cayce
Clerk

No. 10-60064
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMMY SIMMONS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:08-CR-66-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tommy Simmons appeals the 60-month sentence imposed following his guilty plea to possessing marijuana with intent to distribute and to being a felon in possession of a firearm. The sentencing court concluded that an above-guideline sentence was appropriate under 18 U.S.C. §§ 3553(a) (1) & (2)(A), (B), (C) and it varied upward from the advisory sentencing guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60064

Simmons argues that his sentence is unreasonable because the sentencing court abused its discretion by failing to give adequate weight to his attempts to cooperate with authorities, and the court plainly erred by considering his prior arrest record and a vacated conviction in connection with its decision to impose an upward variance. We agree that Simmons preserved his argument concerning mitigating evidence; however, his challenge to the district court's consideration of his prior record is subject to plain error review because he did not raise it at sentencing. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). To show plain error, Simmons must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See id.*

It is clear from the record that the sentencing court considered Simmons's mitigating evidence, and he has not shown that the court failed to give this evidence proper weight. *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). The sentencing court did not plainly err by considering Simmons's prior arrests in fashioning a non-Guidelines sentence because the arrests do not "stand alone," but are corroborated by his extensive history of recidivism and unresolved pending charges. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806-07 (5th Cir. 2008). The district court mentioned Simmons's vacated conviction in passing during a lengthy discussion of the reasons why his extensive criminal history warranted an upward variance. It is not clear that the court based the upward variance, even in part, on the vacated conviction; however, to the extent that it did so, consideration of the vacated conviction was a clear and obvious error. *See United States v. Reasor*, 418 F.3d 466, 479 (5th Cir. 2005) (remanding for resentencing because grouping rules potentially caused vacated convictions to affect defendant's sentence).

2

No. 10-60064

Assuming for purposes of argument that the sentencing court considered the vacated conviction, Simmons cannot demonstrate that the error affected his substantial rights. *See United States v. Davis*, 602 F.3d 643, 647-48 & n.6 (5th Cir. 2010). In support of its decision to impose a non-guidelines sentence, the sentencing court engaged in a "lengthy and weighted discussion" of Simmons's extensive criminal career to support its determination that an upward variance was warranted under 18 U.S.C. § 3553(a). *See United States v. Williams*, ___ F.3d ___, No. 09-30528, 2010 WL 3585424, at *10 (5th Cir. Sept. 16, 2010). Even assuming that the district court impermissibly considered the vacated sentence, Simmons cannot show that the error affected his substantial rights, because the court based the variance on "other significant . . . permissible factors." *See* id. at *8-10.

AFFIRMED.

3